UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-20104 CR-MOORE

21 USC 952(a)     MAGISTRATE JUDGE
21 USC 841(a)(1)  O'SULLIVAN
21 USC 853

UNITED STATES OF AMERICA

v.

LAUTARO EMILIANO TORRES-SALAZAR
_____/

FILED by _____ D.C.
MAG. SEC.

FEB - 7 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

### INDICTMENT

The Grand Jury charges that:

#### COUNT I

On or about January 24, 2002, at Miami International Airport, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

**LAUTARO EMILIANO TORRES-SALAZAR,**

did knowingly and intentionally import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, five hundred grams or more of a mixture and substance containing a detectable amount of cocaine; in violation of Title 21, United States Code, Sections 952(a) and 960(b)(2).

#### COUNT II

On or about January 24, 2002, at Miami International Airport, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

**LAUTARO EMILIANO TORRES-SALAZAR,**

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, five hundred grams or more of a mixture and substance containing a detectable amount of cocaine; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

### FORFEITURE

As a result of the felony offenses alleged in Counts I and II of this Indictment, the United States is entitled to forfeiture of, and the defendant, LAUTARO EMILIANO TORRES-SALAZAR, shall forfeit to the United States any property constituting or derived from any proceeds the defendant obtained, directly or indirectly, as the result of such violations, and property used or intended to be used, in any manner or part, to commit or to facilitate the commission of said violations, including one thousand nine hundred dollars ($1,859.00) ~~($1,900.00)~~ in United States currency recovered from the defendant on January 24, 2002; pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
A. MARIE VILLAFAÑA
ASSISTANT UNITED STATES ATTORNEY

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

02-20104-CR-MOORE

UNITED STATES OF AMERICA

v.

LAUTARO EMILIANO TORRES-SALAZAR

**Court Division:** (Select One)

x   Miami _____ Key West
_____ FTL _____ WPB _____ FTP

**CERTIFICATE OF TRIAL ATTORNEY***

MAGISTRATE JUDGE
O'SULLIVAN

**Superseding Case Information:**

New Defendant(s)   Yes _____
Number of New Defendants _____
Total number of counts _____

FILED by _____ D.C.
MAG. SEC.

FEB - 7 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:  (Yes or No) Yes
   List language and/or dialect   Spanish

4. This case will take  2  days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                          (Check only one)

   I    0 to  5 days         x         Petty        _____
   II   6 to 10 days        _____      Minor        _____
   III  11 to 20 days       _____      Misdem.      _____
   IV   21 to 60 days       _____      Felony         x
   V    61 days and over    _____

6. Has this case been previously filed in this District Court? (Yes or No)  No
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) Yes
   If yes:
   Magistrate Case No.   02-2129-O'SULLIVAN
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of  01/24/02
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No) _____ No

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes  x  No    If yes, was it pending in the Central Region? ___ Yes ___ No

8. Did this case originate in the Narcotics Section, Miami? ___ Yes  x  No

_____
A. MARIE VILLAFAÑA
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5500592

*Penalty Sheet(s) attached

REV.6/27/00

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

02-20104 CR-MOORE

MAGISTRATE JUDGE
O'SULLIVAN

Defendant Name: LAUTARO EMILIANO TORRES-SALAZAR    Case No. _____

| Count #: I |
|---|
| 21 USC 952(a)/Importation of Cocaine |
| *Max Penalty: 40 Years' Imprisonment |

FILED by _____ D.C.
MAG. SEC.
FEB - 7 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

| Count #: II |
|---|
| 21 USC 841(a)(1)/Possession with the Intent to Distribute Cocaine |
| *Max Penalty: 40 Years' Imprisonment |

| Count #: |
|---|
| |
| *Max Penalty: |
| |

| Count #: |
|---|
| |
| *Max Penalty: |
| |

| Count #: |
|---|
| |
| *Max Penalty: |
| |

| Count #: |
|---|
| |
| *Max Penalty: |
| |

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

GRAND JURY INDICTMENT NO. 05-mcr-658

02-20104 CR-MOORE   MAGISTRATE JUDGE O'SULLIVAN

# UNITED STATES DISTRICT COURT

SOUTHERN District of FLORIDA
_____ Division

THE UNITED STATES OF AMERICA

vs.

LAUTARO EMILIANO TORRES-SALAZAR

## INDICTMENT

In violation of 21 USC 952(a)
21 USC 841(a)(1)
21 USC 853

A true bill. _____ Foreman
FGJ 00-05 (MIA)

Filed in open court this _____ day,
of Feb A.D. 2002

_____ Clerk

Bail, $ _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 02-2129-O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LANTERO TORRES-SALAZAR,

    Defendant.
_____/



FILED by ___ D.C.
MAG. SEC.
JAN 3 1 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.  MIAMI

### ORDER GRANTING IN PART DEFENDANT'S MOTION TO PRESERVE EVIDENCE

This matter came before the Court upon Defendant's Motion to Preserve Evidence. Having reviewed the applicable pleadings and law, it is

ORDERED AND ADJUDGED that Defendant's Motion to Preserve Evidence (1/29/02) is hereby GRANTED, in part, as follows:

1) Within thirty (30) days of the date of this Order the defendant is to make arrangements with the government and the government is to provide access to any narcotics seized in order that a defense expert may weigh any narcotics seized.

2) Within ten (10) days of this Order the defendant is to make arrangements with the government and the government is to provide access to any personal property of the defendant in the government's possession for copying and/or photographing by the defendant. The defendant and government are to meet and attempt to agree to any specific items of property which must be preserved for trial. If the defendant and government cannot agree to the preservation of particular items of property, the defendant



is to file with the court a specific listing of the property which they believe should be preserved and the reasons for their preservation and the government is to preserve the particular items for which an agreement cannot be reached until further order of this Court.

DONE AND ORDERED at Miami, Florida, this __31__ day of January, 2002.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:

All counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 02-2129-O'SULLIVAN

UNITED STATES OF AMERICA,
　　　　Plaintiff,

vs.

LANTERO TORRES-SALAZAR,
　　　　Defendant.
_____:

**DEFENDANT'S MOTION TO PRESERVE EVIDENCE**

　　The defendant through counsel and pursuant to Rule 16 of the Federal Rules of Criminal Procedure, moves for an order directing the government to preserve and to immediately direct its agents to preserve all of the alleged contraband evidence in this case in addition to all items of personal clothing and effects that were in the actual or constructive possession of the defendant at the time of his arrest. In support of this motion, undersigned counsel represents as follows:

　　1.　　The defendant has been charged with importation of and possession of with intent to distribute illegal drugs.

　　2.　　The defendant was arrested at Miami International Airport after disembarking from an airplane which arrived from abroad. Upon the defendant's arrest, all of his baggage and personal property were seized and taken from him.

　　3.　　It is necessary that all the alleged contraband in this case rather than just a representative sample be preserved so that the defendant has the opportunity to have an independent weighing of the contraband to confirm its exact weight.

　　4.　　It is also necessary that all items that "were obtained from or belonged" to the

defendant be preserved to permit authorized discovery. *See* Federal Rule of Criminal Procedure 16 and the Standing Discovery Order. *See also United States v. Rodriguez*, 799 F.2d 649, 652 (11th Cir. 1986). Documents, packaging, suitcases and items of clothing seized from the defendant are material to the preparation of the defense as they may play an important role in uncovering admissible evidence, aiding in witness preparation or assisting in impeachment. *See United States v. Felt*, 491 F. Supp. 179 (D.D.C. 1979).

5. Furthermore, preservation of all personal property in the defendant's possession at the time of his arrest and seized from or taken from him in connection with the charges against him is necessary to the defense as that personal property may well be evidence of his lack of specific intent to import and/or to distribute drugs.

WHEREFORE, the defendant respectfully requests this Court to enter an order directing the government to preserve and to immediately direct its agents to preserve all of the alleged contraband evidence in this case as well as any personal property, documents or effects that were in the defendant's actual or constructive possession at the time of his arrest.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____/s/_____
    for  Hector L. Flores
    Supervisory Assistant Federal Public Defender
    Florida Bar No. 633755
    150 West Flagler Street, Suite 1500
    Miami, Florida 33130-1556
    (305) 536-6900, Ext. 152
    (305) 530-7120, Fax

F:\DeSocarrazB\mag court level\Preserve.evi.male.wpd

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 29th day of January, 2002, to United States Attorney's Office, 99 Northeast 4th Street, Miami, Florida 33132-2111.

for Hector L. Flores

F:\DeSocarrazB\mag court level\Preserve.evi.male.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. 02-2129-O'Sullivan

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LANTERO TORRES-SALAZAR,
    Defendant.
_____/

### DEFENDANT'S INVOCATION OF RIGHTS
### TO SILENCE AND COUNSEL

    The defendant named above does hereby invoke his rights to remain silent and to counsel with respect to any and all questioning or interrogation, regardless of the subject matter, including, but not limited to: matters that may bear on or relate to arrest, searches and seizures, bail, pretrial release or detention, evidence at trial, guilt or innocence, forfeitures; or that may be relevant to sentencing, enhanced punishments, factors applicable under the U.S. Sentencing Guidelines, restitution, immigration status or consequences resulting from arrest or conviction; appeals or other post-trial proceedings.

    The defendant requests that the U.S. Attorney ensure that this invocation of

rights is honored, by forwarding a copy of it to all law enforcement agents, government officials, or employees associated with the investigation of any matters relating to the defendant. Any contact with the defendant must be made through the defendant's lawyer, undersigned counsel.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
    Hector L. Flores
    Supervisory Assistant Federal Public Defender
    Florida Bar No. 633755
    150 West Flagler Street, Suite 1500
    Miami, Florida 33130-1556
    Tel: (305) 536-6900
    Fax No. (305) 530-7120

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was mailed this **29**th day of **January**, 2002, to United States Attorney, 99 N.E. 4th Street, Miami, Florida 33132.

_____
Hector L. Flores

F:\DeSocarrazB\mag court level\Invocation Motion.wpd

CASE NUMBER 02-2129-O'Sullivan

INTERPRETER REQUIRED IN CASE

FILED by CH D.C.
MAG. SEC.
JAN 28 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

FOREIGN LANGUAGE  SPANISH

DEFENDANT(S)  LAUTARO TORRES-SALAZAR



koia.

UNITED STATES DISTRICT COURT
SOUNTHERN DISTRICT OF FLORIDA
CASE NO. 02-2129-O'Sullivan

UNITED STATES OF AMERICA

           Plaintiff,

**ORDER ON INITIAL APPEARANCE**
Language  SPANISH
Tape No. 02?-8-643
AUSA  Elliott
Agent _____

v.

LAUTARO TORRES

       Defendant.

DOB: 2-1-79    Reg# 68230-004

FILED by ___ D.C.
MAG. SEC.
JAN 28 2002
CLARENCE MADDOX
CLERK, U.S. DIST. CT.
S.D. FLA. MIAMI

_____/

    The above-named defendant having been arrested on ___1-24-02___ having appeared before the court for initial appearance on ___1-28-02___ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
Address:_____
Zip Code: _____ Telephone: _____
2. ___FPD_____ appointed as permanent counsel of record.
Address: _____
Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 2002.
4. Arraignment/Preliminary/Removal/Identity hearing is set for 10am 2/11 , 2002.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for 10am _____, 2002.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142: PSB PTD $250,000 SB/Nebbia

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;
    other: _____
c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.

Page 1 of 2



## LAUTORA TORRES

___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:

_____

This bond was set: At Arrest _____
                On Warrant _____
                After Hearing ✓

    If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ___

_____

____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

    **DONE AND ORDERED** at Miami, Florida, this 28th day of JANUARY 2002.

                                                UNITED STATES MAGISTRATE JUDGE
                                                JOHN J. O'SULLIVAN

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

# United States District Court

FILED by _CH_ D.C.
MAG. SEC.
JAN 28 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

__SOUTHERN__ DISTRICT OF __FLORIDA__

UNITED STATES OF AMERICA

V.

LAUTARO EMILIANO TORRES-SALAZAR

**CRIMINAL COMPLAINT**

02-2129-JJO

CASE NUMBER:

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about January 24, 2002, at Miami International Airport, Miami-Dade County in the Southern District of Florida and elsewhere, the defendant did knowingly and intentionally, import into the United States from a place outside thereof, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952; and did knowingly and intentionally, possess with the intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

I further state that I am a Special Agent and that this complaint is based on the following facts:

On or about January 24, 2002, at approximately 7:30 p.m., the defendant, LAUTARO EMILIANO TORRES-SALAZAR, arrived at Miami International Airport aboard American Airlines Flight #966 from Quito, Ecuador in transit to Madrid, Spain. During an examination, U.S. Customs Inspectors suspected the defendant to be an internal carrier of narcotics. An x-ray taken of the defendant indicated that several pellets were distributed throughout his intestinal tract. One hundred (100) pellets were subsequently recovered from the defendant's body. A field test of the white powdery substance found in the pellets proved positive for the presence of cocaine. The estimated weight of the white powdery substance found inside the pellets was 2.97 pounds.

Signature of Complainant
KRISTIN M. WHELAN, SPECIAL AGENT
UNITED STATES CUSTOMS SERVICE
JANUARY 28, 2002

Sworn to before me, and subscribed in my presence,

JANUARY 28, 2002                              at   Miami, Florida
Date                                                City and State

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                  Signature of Judicial Officer

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 02-2129-JJO

UNITED STATES OF AMERICA

vs.

LAUTARO EMILIANO TORRES-SALAZAR
_____/

CRIMINAL COVER SHEET

1. Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999? ___ Yes  _X_ No

2. Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999? ___ Yes  _X_ No

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY: _____
A. MARIE VILLAFAÑA
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500592
99 N. E. 4th Street
Miami, Florida  33132-2111
TEL (305) 961-9131
FAX (305) 530-7976

N:\vsimmons\Duty\complain.cov

FILED by _ch_ D.C.
MAG. SEC.

JAN 28 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

# UNITED STATES DISTRICT COURT
## Southern District of Florida

UNITED STATES OF AMERICA
Plaintiff
V.S.

Lautaro TORRES
Defendant

Case Number: _____

**REPORT COMMENCING CRIMINAL ACTION**

02-2/29- O'Sullivan

68230-004

To Clerk's Office    (Miami)    Ft. Lauderdale    W. Palm Beach
U.S. District Court              (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES COURT ABOVE.

---

All items are to be completed. Information not applicable or unknown will be indicated as "NA"

(1) Date and Time of Arrest: 1-24-2002   1930 hrs

(2) Language Spoken: Spanish

(3) Offense(s) Charged: 21 USC 952 – Unlawful Importation of Narcotics
    21 USC 841 (a) (1) – Possession With Intent to Distribute Narcotics

(4) U. S. Citizen    ( ) Yes    (X) No    ( ) Unknown

(5) Date of Birth: 2-1-1979

(6) Type of Charging Document:   (Check One)
    ( ) Indictment    ( ) Complaint    ( ) To be filed/Already filed

    ( ) Bench Warrant for Failure to Appear    Case #: _____
    ( ) Probation Violation Warrant
    ( ) Parole Violation Warrant

Originating District: _____
COPY OF WARRANT LEFT WITH BOOKING OFFICER ( ) YES    ( ) NO

Amount of Bond: $_____    Who set Bond: _____

(7) Remarks: - N/A
(8) Date: 1-27-2002    Arresting Officer: **S/A Kristin M. Whelan**

(9) Agency: **U. S. CUSTOMS SERVICE**    (305) 597-6000    SAIC/Miami
    Comments: